tige of, and perpetuates, the history of segregation in the educational system of Alabama; that these monochromatic appointments are due to a statewide policy or practice, implicating, at least in part, state officials, and are not simply the cumulative result of independent decisions made by isolated local school board officials; and that Talladega County remains a non-unitary school district, the court would have at least some basis for concluding that the board has affirmative duties to eliminate this vestige, and for exploring the manners in which it could fulfill those duties. But, as discussed earlier, the first proposition rests on a false analogy, the second is theoretically bold but short of factual support, and the third is counterfactual.

## B.

Hall's final theory is of intentional discrimination under the § 1981 and the thirteenth and fourteenth amendment as enforced through § 1983. But this theory fails for the same reasons that his Title VII theory (which is also based on intentional discrimination) fails.

An appropriate judgment will be entered.

Done, this the 27th day of December, 2001.

Aurelio O. GONZALEZ, Petitioner–Appellant,

v.

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS, James Crosby, Secretary, Respondent–Appellee.

Emil Lazo, Petitioner–Appellant,

v.

United States of America, Respondent–Appellee.

Stephen A. Mobley, Petitioner–Appellant,

v.

Frederick Head, Warden, Georgia Diagnostic and Classification Center, Respondent–Appellee.

Nos. 02–12054, 02–12483 and 02–14224.

United States Court of Appeals, Eleventh Circuit.

April 1, 2003.

Kathleen M. Williams, Miami, FL, for Gonzalez.

Paulette R. Taylor, Miami, FL, for Secretary for Dept. of Corrections

Milton Hirsch and David O. Markus (Court–Appointed), Miami, FL, for Lazo.

Lynn Dena Rosenthal, Fort Lauderdale, FL, Anne R. Schultz, Dawn Bowen and Lisa T. Rubio, Miami, FL, for U.S.

Brian Steel, The Steel Law Firm, P.C., Atlanta, GA, for Mobley.

Beth Attaway Burton, State of GA Law Dept., Atlanta, GA, for Head.

Before EDMONDSON, Chief Judge, and TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, Circuit Judges.

BY THE COURT:

The Court has determined to hear the following cases *en banc*: *Mobley v. Head,* No. 02–14224, *Lazo v. U.S.,* No. 02–12483, and *Gonzalez v. Sec'y for the Dept. of Corrections,* No. 02–12054.

The cases will be orally argued before the Court sitting *en banc* on June 17, 2003, in Atlanta, Georgia.

The Court *sua sponte* VACATES the following orders: the December 16, 2002, Order issued in *Lazo v. U.S.,* No. 02–12483, as well as the January 10, 2003 and the August 15, 2002, Orders issued in *Gonzalez v. Sec'y for the Dept. of Corrections,* No. 02–12054.

Nos. 02–12483 and 02–12054 are hereby REINSTATED.

Counsel for Appellants Lazo and Gonzalez will be appointed by separate Order.

In light of the above, Appellant Gonzalez' "Motion to Reconsider, Vacate or Modify" is DENIED AS MOOT.